UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
KYLE J. BURKE,

               Plaintiff,

               -against-

THE UNITED STATES ATTORNEY'S OFFICE FOR THE EASTERN DISTRICT OF NEW YORK,

               Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-3707 (RPK) (RER)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Kyle J. Burke brings this action against the U.S. Attorney's Office for the Eastern District of New York. *See* Compl. (Dkt. #4). Plaintiff's request to proceed *in forma pauperis* is granted. But for the reasons that follow, his complaint is dismissed, and his motion for a preliminary injunction is dismissed as moot.

## BACKGROUND

Plaintiff filed this complaint in the Southern District of New York, alleging that his Fourth Amendment rights were violated. Specifically, he alleges that on May 21, his personal diary was "made public" both "digital[ly] and physical[ly]" along with his "pornographic search information." Compl. 6. The next evening, he allegedly "received threats outside and within his domicile" in an attempt to "coerce [him] into proffering" an "admission of guilt [to] capital crimes against the U.S. government and other un[n]amed parties" *Id.* at 5. The complaint does not say who allegedly committed these acts or why, but it names the U.S. Attorney's Office as the defendant. *See* Compl.

1

Plaintiff seeks "either injunctive relief" or "money damages," *id*. at 6, from the U.S. Attorney's Office, and he has moved for a preliminary injunction against the U.S. Attorney's Office to prevent it from "defam[ing]," "threat[ening]," "contacting," or "surveill[ing] him, or from "release[ing] . . . classified material," Unsigned Order to Show Cause (Dkt. #2).

The case has now been transferred to the Eastern District of New York. *See* Transfer Order (Dkt. #5).

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

**DISCUSSION**

The complaint is dismissed, and plaintiff's motion for a preliminary injunction is denied as moot.

Plaintiff's claim for money damages is dismissed due to a lack of subject-matter jurisdiction. Suits against the United States and federal agencies require "a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assoc. v. Sec'y of Hous. and Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). Unless Congress has authorized an agency to be sued in its own name, an action may not be maintained against that agency. *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not authorized suits for money damages against the U.S. Attorney's Office. *See Ige v. U.S. Attorney's Off.*, 104 F.3d 353 (2d Cir. 1996) (table); *Hill v. U.S. Attorney's Off., E.D.N.Y.*, No. 08-CV-1045 (JS) (AKT), 2009 WL 2524914, at *6 (E.D.N.Y. Aug. 14, 2009). Therefore, this claim must be dismissed.

The claim for injunctive relief, for its part, is dismissed under Section 1915 because plaintiff fails to state a claim. Under Rule 8(a), a complaint must include "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). While such a statement "does not need detailed factual allegations," it must nevertheless "provide the 'grounds' of [the plaintiff's] entitlement to relief." *Twombly*, 550 U.S. at 555 (internal quotations omitted). In other words, the complaint must contain sufficient factual allegations that, taken as true, "raise a right to relief above the speculative level." *Ibid*. "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]," without more, do not meet this standard. *Iqbal*, 556 U.S. at 678.

Here, the amended complaint does not state a claim because it does not allege sufficient facts. While plaintiff "labels" the U.S. Attorney's Office as the defendant, *Twombly*, 550 U.S. at 555, the complaint does not allege any action by the U.S. Attorney's Office whatsoever. Plaintiff

3

alleges that his diary and pornographic search history were "made public" both "digitally and physically" on May 21.  Compl. 6.  However, he does not indicate who made them public, where it was done, or how it was done.  Similarly, while plaintiff alleges that he "received threats outside and within his domicile" the following night, *id*. at 5, he does not identify who made the threats, why they were made, or supply any allegations linking the U.S. Attorney's Office to these threats.  Since no factual allegations tie the U.S. Attorney's Office to the alleged misconduct, "the well-pleaded facts" in this complaint "do not permit" an inference of "more than the mere possibility of misconduct" by that office.  *Iqbal*, 556 U.S. at 679.  Such a claim "stops short of the line between possibility and plausibility," *Twombly*, 550 U.S. at 557 (quotations and brackets omitted), and without more, must be dismissed, *see, e.g.*, *Parmlee v. Officer of Att'y Gen.*, No. 21-CV-1292 (MPS), 2022 WL 1462247, at *3 (D. Conn. May 9, 2022) (dismissing claims against defendants where plaintiff pleaded "no facts that indicate[d] what any of the[] [defendants] did or did not do"); *Goins v. Papoosha*, No. 21-CV-00405 (VAB), 2021 WL 1600720, at *2 (D. Conn. Apr. 23, 2021) (dismissing claims where plaintiff "allege[d] no facts . . . indicat[ing] that any named defendant was involved" in the alleged misconduct); *Cohen v. Capers*, No. 16-CV-6090 (PKC) (AJP), 2017 WL 2455132, at *2 (S.D.N.Y. June 6, 2017) (dismissing claims where plaintiff "plead[ed] no facts" connecting "any of the defendants with the actions . . . or the events described in the complaint").

Finally, since the underlying complaint has been dismissed, plaintiff's motion for a preliminary injunction is denied as moot.  *See Page v. Oath Inc.*, No. 17-CV-6990 (LGS), 2018 WL 1474620, at *2 (S.D.N.Y. Mar. 26, 2018) (collecting cases), *aff'd sub nom*. *Page v. United States Agency for Glob. Media*, 797 F. App'x 550 (2d Cir. 2019) (summary order); *cf. Ruby v. Pan*

4

*Am. World Airways, Inc.*, 360 F.2d 691, 691-92 (2d Cir. 1966) (per curiam) (holding that the resolution of a case on the merits moots an appeal from denial of a preliminary injunction).

Finally, plaintiff is advised that the Federal *Pro Se* Legal Assistance Project offers a free service that provides legal counseling. The project is run by the City Bar Justice Center of the New York City Bar Association. Plaintiff may contact the project at (212) 382-4729.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice and the motion for a preliminary injunction is denied as moot. Plaintiff may file an amended complaint within thirty days. The new complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order. All further proceedings are stayed for thirty days. If plaintiff does not file an amended complaint within thirty days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

      /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:      July 6, 2022
               Brooklyn, New York